IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

ESTEBAN MERCADO

    Plaintiff,

vs                                                                            **COMPLAINT**

                                                                               (Jury Trial Demanded)

THE CITY OF NEW YORK, a Municipal
Entity, WILLIAM J. BRATTON, Commissioner
of the NEW YORK CITY POLICE DEPARTMENT,       14-CV-04169 (PAC)
POLICE OFFICERS "JOHN DOES" and
"SALLY ROES",POLICE OFFICER DANIELLE
ALAMRANI Sheild No. 942793

    Defendants
_____

Esteban Mercado, by his attorney, Poupa Jenny Marashi, Esq., for his Complaint, alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is an action against the Defendant parties, for the violation of the Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

2. This case arises out of the wrongful and unlawful arrest of the Plaintiff, Esteban Mercado, on March 11, 2013 and for his wrongful and unlawful detention and incarceration. Plaintiff was in custody from 9:00 in the morning, until 12:00 am on March 12, 2013, when he was released from Brooklyn Central Booking. At arraignments, the judge stated there was no warrant for him, and no case against him. He was free to go.

3.  The Plaintiff brings this action to vindicate, not only his rights, but the rights of all law-abiding New York City residents, including but not limited to Hispanic males, to be free from unconstitutional detentions that are easily preventable.

## II. JURISDICTION

4.  Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 [3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5.  Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party and Pendent Claim Jurisdiction.

6.  The pendent party and pendent State law claims have a common nucleus of operative fact with the federally based claims and they arise out of the same transaction and occurrence giving rise to the Plaintiff's federally based claims and causes of action.

7.  To the extent that such is applicable, the Plaintiff has filed a timely Notice of Claim against the Defendant City of New York as a condition precedent to bringing an action, under State law and pendent State law and pendent party jurisdiction inter-related thereto, against the City of New York and against the Defendant Officers in their official capacities.

8.  To the extent that such are relevant if at all as to the claims against the Defendant City of New York and against the unnamed Defendant New York City Police Officers in their official capacities, the Plaintiff has otherwise met the conditions of Section 50 of the New York State Municipal Law.

9.  The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice.

## III. VENUE

10. Venue is proper for the United States District Court for the Southern District of New York

pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## IV. PARTIES

11. The Plaintiff is a Hispanic citizen and resident of the City of New York, the County of the Bronx, and the State of New York.

12. The Defendant City of New York is a municipal entity existing pursuant to and under the laws and Constitution of the State of New York.

13. Defendant William J. Bratton is the Police Commissioner for the the City of New York, with supervisory authority over all officers and operations of the NYPD, including responsibility for training, recruiting and managing all NYPD officers. He is sued in his official capacity.

14. Defendants Danielle Alamrani and "John Does" and "Sally Roes" are New York City Police Officers who were involved in the arrest and detention and imprisonment and prosecution of the Plaintiff.

15. All of the Defendant Police Officers are sued in their individual and official capacities.

16. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as employees and agents of the City of New York and incidental to the otherwise lawful performance of the same.

## V. ALLEGATIONS

17. The Plaintiff is Esteban Mercado.

18. The Plaintiff is fifty-two years of age.

19. The Plaintiff's was born February 1962.

20. The Plaintiff is a doorman for a building in the Williamsburg neighborhood of Brooklyn.

21. The Plaintiff is single.

22. The Plaintiff has three grown sons.

23. The Plaintiff resides with with his elderly mother in the City of New York, the County of the Bronx, the State of New York.

24. At about 9:30 am on March 11, 2013, Plaintiff was driving to the offices of his employer to get a check to submit to his bank to open a direct deposit account.

25. Plaintiff was alone in the car.

26. Plaintiff was looking for the main office headquarters building of his employer.

27. The office building was located on Grand Street in Williamsburg.

28. Plaintiff was on a familiar road, close to the building he works at, on Berry Street, between North 12th and North 13th in Williamsburg.

29. Plaintiff then hears sirens and immediately pulls over.

30. A female officer, believed to be, Police Officer Danielle Alamrani, gets out of the police vehicle and approaches Plaintiff.

31. Plaintiff did not know why he was being stopped.

32. Plaintiff was told by Officer Alamrani that he he had ran a stop sign.

33. Plaintiff was surprised, but, when he looked at his rearview mirror, he saw a stop sign that had just recently been placed there.

34. Plaintiff gave Officer Alamrani the registration to the vehicle and his license.

35. When Police Officer Alamrani returned she told Plainitff, there was a warrant for his arrest and so, for that reason, she would have to arrest him.

36. Plaintiff told her it was a mistake. He explained to her that he had been arrested before, on October 27, 2011, for that same warrant. That he had already wrongfully spent a night in jail. That when he had gone in front of the judge on October 28th, 2011, the judge said there was no warrant. That when he went to the Clerk's office that following Monday he was told there was no warrant for him in the system. That he had gone to the the 44th precinct, and tried to clear it up. That he waited for four hours to talk to a Sergeant at the precinct, and was told, in sum and substance to go deal with the County Clerk. That when he had returned to the Clerk's office on 161st in the Bronx, they had given him a signed and sealed letter to carry with him that said, "Do Not Arrest." Finally, that he had dutifully carried that letter until he agreed to an early settlement with the Comptroller's Office where he settled with the City of New York on December 28, 2012 regarding the underlying

4

circumstance of his false arrest on October 27, 2011.  He believed that the warrant had finally been cleared.

37.  Officer Alamrani said that there was an arrest warrant out for him in the system, and that she had to arrest him according to such warrant.

38.  At any time, during the course of arrest, had Officer Almarani checked the Criminal Record Information and Management System (C.R.I.M.S.), as deemed, essential in the determination of a warrant, she would have seen that there was no valid warrant for Esteban Mercado.

39.  Plaintiff was searched.

40.  Plaintiff's vehicle was searched.

41.  Nothing illegal was found on the Plaintiff or in the vehicle.

42.  Plaintiff was right by his place of employment where he was very worried that he would be seen by one of the building's many residents.

43.  Plaintiff was placed in the police vehicle.

44.  Plaintiff was taken to the 94th precinct where he was again searched and photographed and fingerprinted.

45.  Plaintiff, again, tried to explain to several officers at the 94th Precinct that the warrant search resulted in a mistaken hit, and to please check it again, or to do something. Officers laughed at him and told him that, "Yeah, that is what everybody says."

46.  Plaintiff was worried about not getting out by 2pm, and having to call his work, or miss work, a second time, to tell them that he had been arrested, a second time, for a warrant that did not exist. He was afraid he would be fired.

47.  The Arresting Officer, nor any of the supervisors or other officers at the precinct bothered to check the C.R.I.M.S. system.

48.  Plaintiff had to be at work at 2 pm, and missed work as a result of the incarceration on the invalid warrant.

49.  After several hours at the precinct, Plaintiff was taken to Brooklyn Central Booking.

50.  At approximately 11:45 pm, 14 hours after his initial arrest, Plainitiff appeared in Brooklyn

Brooklyn Criminal Court, where he went before a judge. The judge confirmed that there was, in fact, no such warrant for Plainitiff's arrest, and he was released.

51. After his release, at approximately 12:30 am, Plaintiff had to walk around, take a bus and the train, to make his way back to the 94th Precinct to pick up the car he had been driving.

52. Plaintiff has since tried to clear the warrant. He tired to find a contact number on line in which to protest the warrant.

53. The number available on-line on the NYPD and 311 website is not a working number.

54. Plaintiff is constantly in fear of being pulled over, knowing that he allegedly has a warrant but that he cannot get it out of the system through any procedure that he has been able to find.

55. Plaintiff is so scared that he may be rearrested he has decided to move out of the state in order to avoid being rearrested on a warrant he has been told, and knows, should not be on file, but cannot do anything about it, and that NYPD Officers, repeatedly, do not take the second required step to investigate.

56. Plaintiff had pleaded, in substance, to the Officers that the Officers were being deliberately indifferent to the truth of what he was saying and to his request for a minimal further inquiry which would totally exonerate him.

57. The Defendants knew that the information, which they possessed at the time that they arrested the Plaintiff, was untrustworthy.

58. There was no objectively reasonable probable cause basis for the afore-described custodial arrest of the Plaintiff.

59. The arrest of the Plaintiff was made out of convenience and as a consequence of the reckless and deliberately indifferent warrant search system of Defendant New York City Police Department.

60. The Plaintiff was unlawfully arrested since there was absolutely no basis for his custodial arrest given that there was an insufficiently trustworthy and invalid warrant on an insufficiently trustworthy Computer System, believed to be the Local Area Network (LAN) system which to arrest the Plaintiff.

61. The Plaintiff was subjected to a false arrest and an unlawful custodial detention and imprisonment.

62. But for the Defendants Danielle Alamrani and "John Does" and "Sally Rowes" intentional and/or deliberate and reckless disregard of the facts and/or their failure to properly follow conduct required by the NYPD Patrol Guide and undertake further minimal inquiries and investigation, which would have placed no one at risk and would not have otherwise interfered with the law enforcement mission and in fact would have advanced the law enforcement mission, the Plaintiff would not have been subjected to the unreasonable, probable cause lacking false arrest and imprisonment.

63. While the actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York. The Officers involved in the afore-described reckless and deliberately indifferent investigation, arrest and prosecution include, among others, Defendant Officers "John Does", "Sally Roes",and Danielle Alamrani Shield Number 942793.

64. Defendants City of New York, and Commissioner Bratton, but for their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including the Fourth, and Fourteenth amendments.

65. The actions, conduct, policies, and practices and customs herein described violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

66. The actions, conduct, policies and practices, and customs violated the Plaintiff's rights under the laws and Constitution of the State of New York including subjecting Plaintiff to false arrest and imprisonment.

67. The actions, conduct, policies and practices and customs were negligent and otherwise the

7

proximate cause of the injuries and damages suffered by the Plaintiff.

68.  The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, and psychological trauma, and embarrassment, and humiliation, and physical pain and suffering.

69.  The Plaintiff has no other adequate remedy at law to obtain redress for what he claims to have been the violation of his rights other than for the instant litigation.

### VI.  CAUSES OF ACTION

#### A.  FIRST CAUSE OF ACTION

70.  The above paragraphs are here incorporated by reference.

71.  Plaintiff Esteban Mercado was falsely arrested and falsely imprisoned and detained in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

72.  Plaintiff suffered injuries and damages.

#### B.  SECOND CAUSE OF ACTION

73.  The above paragraphs are here incorporated by reference.

74.  Plaintiff was unlawfully and falsely arrested and falsely imprisoned in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

75.  Plaintiff suffered injuries and damages.

#### C. THIRD CAUSE OF ACTION

76.  The above paragraphs are here incorporated by reference.

77.  The Defendants acted in a reckless and deliberate indifferent manner and fashion in order to achieve the collateral purpose of making an arrest on a warrant, but without the requisite objectively reasonable trustworthy evidence to justify the arrest of the Plaintiff.

78. In other words, the Defendants engaged in a reckless and deliberately indifferent investigation of the warrant for their own convenience and in order to achieve their own end rather than to achieve the legitimate law enforcement mission of solving an alleged crime or to determine whether a crime even took place, or that there was a valid warrant for the arrest.

### D.  FOURTH CAUSE OF ACTION

79. The above paragraphs are here incorporated by reference.

80. Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

81. Plaintiff suffered injuries and damages.

### E. FIFTH CAUSE OF ACTION

82. The above paragraphs are here incorporated by reference.

83. Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

84. Plaintiff suffered injuries and damages.

### F.  SIXTH CAUSE OF ACTION

85. The above paragraphs are here incorporated by reference.

86. The Defendant City of New York and Commissioner Bratton have recklessly and with deliberate indifference failed to provide adequate training and standards and policies and practices for its police officers where, in the context of conducting a search for outstanding warrants, they only rely on a flawed computer system, and are not trained to conduct further inquiry into C.R.I.M.S.

87. Such thus leads to recklessly and deliberate indifferent inquiries which consciously avoids checking the C.R.I.M.S. database, without compromising the law enforcement mission, and

leading to the arrest of individuals who are innocent of any wrongdoing and the crime or crimes of which the individual is accused and arrested.

88.  The City was aware that all the aforementioned had resulted in violation of citizen's constitutional rights.  Despite such notice, and even the settling of a previous lawsuit under similar facts, by the comptroller's office, the City failed to take corrective action.  The failures and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

89.  The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

90.  The Plaintiff suffered injuries and damages.

### G.  SEVENTH CAUSE OF ACTION

91. The above paragraphs are here incorporated by reference.

92.  Pursuant to and under pendent State law and pendent State claim jurisdiction and independent of the federally based claim against the Defendant City of New York, the Defendant City of New York is responsible, under State law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the City of New York, pursuant to the doctrine of <u>respondeat superior</u>.

93.  The Plaintiff suffered injuries and damages.

### H.  EIGHTH CAUSE OF ACTION

94.  The above paragraphs are here incorporated by reference.

95.  The Defendant City of New York, if the City represents its Officers, uniformly and as a matter of policy and practice indemnifies its Officers for any award of both punitive damages and compensatory damages.

96. The named and unnamed individual Defendants are employees and agents of the City of New York and their conduct, as described, was taken in the course of their duties and functions as New York City Police Officers and, in their capacities as such, as agents and employees of the City of New York.

97. Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken to the otherwise lawful performance of their duties and functions as agents and employees of the City of New York.

98. The Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers on his federal claims for relief <u>under the federal claim jurisdiction</u> pursuant to the doctrine of <u>respondeat superior</u>.

99. The Plaintiff suffered injuries and damages.

### I. NINTH CAUSE OF ACTION

100. The above paragraphs are here incorporated by reference.

101. The Defendant Officers "John Does", "Sally Roes" and Danielle Alamrani jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York

102. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

### J. TENTH CAUSE OF ACTION

103. The plaintiff incorporates by reference the allegations set forth in all previous paragraphs as if fully set forth herein.

104. Defendants, The City of New York, and Police Commissioner William J. Bratton,

negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

105. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

### K.  ELEVENTH CAUSE OF ACTION

106. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

107. Defendants Officers "John Does", "Sally Roes",and Danielle Alamrani, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

108. A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

109. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

### L.  TWELTH CAUSE OF ACTION

110. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

111. Upon information and belief, there is a warrant in the police database (Local Area Network) that causes Plaintiff to be arrested. It is a violation of Plaintiff's Constitutional Due Process that he cannot take any action to remove such warrant, which consistently threatens him

with loss of liberty.  As a consequence of which he may loose his job, among other things.

112.  Plaintiff was not given any avenue in which to clear such a warrant.  There is no adequate administrative remedy where Plaintiff can challenge the New York Police Department to remove the invalid warrant from their system, causing him loss of liberty on two occasions, and continued and impending loss of liberty.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

    [a] Invoke pendent party and pendent claim
       jurisdiction.

    [b] Award appropriate compensatory and
       punitive damages.

    [c] Award appropriate declaratory and
       injunctive relief.  Defendant's unconstitutional conduct is ongoing and continues to harm plaintiff. There is no adequate remedy at law.  Relief would include removing his name from the Local Area Network System.  It would also include to revising and or updating NYPD's training or supervision Programs to educate NYPD Officers and they employees about their obligation to check the more reliable C.R.I.M.S. database that provides for the last status on a Criminal Court case.  Further, to put an administrative procedure in place so that if the Clerk of the Court does not have a warrant in the C.R.I.M.S system, that if there is no valid warrant, that clear procedures be in place to remedy the invalid warrant in the NYPD LAN system.

    [d] Empanel a jury.

[e] Award attorney's fees and costs.

[f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
June 9, 2014

Respectfully submitted,

/s/ Poupa Jenny Marashi_____
POUPA JENNY MARASHI, Esq.
888 Grand Concourse, # 1J
Bronx, NY 10451
(917) 703-1742
marashi.legal@gmail.com
Attorney for Plaintiff